**IN THE COURT OF APPEALS OF IOWA**

No. 20-0542
Filed July 1, 2020

**IN THE INTEREST OF A.M., K.M., B.M., L.M., J.M., G.M., J.M., L.M., and A.M., Minor Children,**

**D.M., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.


　　A father appeals the child-in-need-of-assistance adjudication of his children.
**AFFIRMED.**


　　Bryan J. Tingle, Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　Bryan Webber of Carr Law Firm, P.L.C., Des Moines, guardian ad litem for minor children A.M. and K.M.

　　Kelly Ramsey of Ramsey Law, PLC, Des Moines, guardian ad litem for minor children J.M., G.M., J.M., L.M., and A.M.

　　Gregory F. Greiner of Greiner Law Office, West Des Moines, guardian ad litem for minor child B.M.

　　Kaitlyn DiMaria of Kragnes & Associates, PC, Des Moines, guardian ad litem for minor child L.M.

Brent Pattison of Drake Legal Clinic, Des Moines, attorney for A.M. and K.M.

Magdalena Reese of Juvenile Public Defender, Des Moines, attorney for B.M., J.M., G.M., J.M., L.M., and A.M.

Audra Saunders of Anderson & Taylor, PLLC, Ames, attorney for L.M.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

A father appeals the adjudication of his children as children in need of assistance (CINA). The children were adjudicated CINA pursuant to Iowa Code sections 232.2(6)(c)(2) and (d), and 232.96(9) (2019) after allegations arose that the father had made inappropriate sexual contact with two of his children. The juvenile court lost jurisdiction of the older child who alleged abuse when the child turned eighteen in April 2020. The father argues insufficient evidence was presented to support the CINA adjudication.

CINA proceedings are reviewed de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "We are not bound by the juvenile court's fact findings; however, we do give them weight. Our primary concern is the children's best interests." *Id.* at 41. "In determining the best interests of the child[ren], 'we look to the parent['s] past performance because it may indicate the quality of care the parent is capable of providing in the future.'" *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (second alteration in original) (quoting *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006)). "CINA determinations must be based upon clear and convincing evidence." *J.S.*, 846 N.W.2d at 42. We ask whether there are "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *L.H.*, 904 N.W.2d at 149 (alteration in original) (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The children were adjudicated CINA pursuant to section 232.2(6)(c)(2), which defines a CINA as a child "who has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." They were also adjudicated

pursuant to section 232.2(6)(d), which defines a CINA as a child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent." Both paragraphs require that the specified harm be "imminently likely." Iowa Code § 232.2(6)(c)(2), (d). In the context of child protection, our supreme court has said "we do not require neglect or physical or sexual abuse to be on the verge of happening before adjudicating a child as one in need of assistance." *L.H.*, 904 N.W.2d at 150 (quoting *J.S.*, 846 N.W.2d at 43). "Child protection statutes are designed to prevent probable harm to the child and do not require delay until after harm has occurred." *Id.* (quoting *J.S.*, 846 N.W.2d at 43).

The failure to exercise a reasonable degree of care in supervising the child must be proved by clear and convincing evidence. *See* Iowa Code § 232.96(2). In this case, the father was removed from the home and separate criminal proceedings were initiated. The mother has openly questioned the credibility of the two children who reported abuse. She wants to keep the family together and does her best to maintain relationships between the other children and the father. The mother complies with supervision requirements related to visitation with the father and has not forced the children who reported abuse to visit the father. However, the record reveals the two children reported some of the father's conduct to the mother prior to Iowa Department of Human Services' (DHS) involvement. The children told the mother that the father would hug them from behind and touch their breasts and that he entered their bedrooms without knocking while the children changed clothes and would not respect their requests for privacy. The record makes several references to family members wrestling and such incidents resulting in inappropriate contact between the father and two children who reported

abuse. In response, the mother had conversations with the father about his conduct, added locks to bedroom doors, and forbade wrestling. The father apologized to one child for inappropriate contact. However, it does not appear all of the conduct stopped until DHS became involved with the family. Based on this history, it appears that without adjudication the conduct would be ongoing in the family home. The mother has expressed a desire to keep the family together and wants the father to return to the home when he is able to. She supports contact between the children and the father. We agree with the juvenile court that clear and convincing evidence supports CINA adjudication pursuant to section 232.2(6)(c)(2).

In this case, section 232.2(6)(d) requires clear and convincing evidence that the father has or is imminently like to sexually abuse one of his children. *See id.* Our supreme court has stated "all siblings are at risk when one child has been sexually abused." *In re D.D.*, 653 N.W.2d 359, 362 (Iowa 2002). In this case, two of the couple's nine children who were under eighteen in August 2019 reported sexual abuse by the father. The older of the two reported the father began to transfer his attention to the younger child after the older child became resistant. Both children reported multiple instances of inappropriate sexual contact from the father including using wrestling to touch them, fondling, and invasion of privacy while the children changed clothes. The mother has challenged the credibility of the children since DHS became involved with the family, but the record reveals the children have made consistent statements about the abuse. Furthermore, the mother's initial reaction to the reports included limited protective measures, and the mother related the concerns and protective measures to her own sister.

Moreover, the mother's sister alerted DHS that an older child of the couple was aware of the nature of the contact during wrestling and told the two reporting children "that's just what happens when you wrestle with dad and don't call the police over it." We agree with the juvenile court that clear and convincing evidence was presented to support CINA adjudication pursuant to section 232.2(6)(d).

On our de novo review of the record, we find clear and convincing evidence was presented to support CINA adjudication of all of the couple's children pursuant to Iowa Code section 232.2(6)(c)(2) and (d).

**AFFIRMED.**